## CHARLESTON & WESTERN CAROLINA R. R. CO. v. GARLINGTON.

### SAME v. DAVIS.

INJUNCTION—CONDEMNATION.—A proceeding to assess damages for the taking by a railroad company of the right of way of lot-owners is perpetually enjoined because the Court finds that the railroad company has a fee simple title to the land over which the right of way is claimed and no right has been acquired by petitioner or by the public.

Before KLUGH, J., Laurens, August, 1905. Affirmed.

Two actions by Charleston and Western Carolina Railroad Co. against Cally Garlington and Annie C. Davis. From judgment for plaintiff, defendants appeal.

*Messrs. F. P. McGowan* and *Ferguson & Featherstone,* for appellant. *Mr. McGowan* cites: *Appellants have right to damages for taking right of way:* Wash. on Eas., sec. 32; 67 S. C., 515; 25 Sup. Ct. R., 522; 33 S. C., 477.

*Messrs. S. J. Simpson* and *Simpson & Cooper,* contra; cite: *It requires twenty years to ripen prescriptive right of way:* 53 S. C., 503; 63 S. C., 439, 494; 67 S. C., 507.

April 13, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. These two actions were tried together. The decree in each case from which appeal is now taken is as follows:

"This is an action on the part of the plaintiff to perpetually enjoin the defendant from further proceedings under the petition and order of the Court set out in the complaint to assess compensation to the defendant for the obstruction of the street or right of way in the city of Laurens, abutting upon and appertaining to the lot of the defendant and over which it is claimed the defendant has acquired a right to travel by an adverse use of the same for twenty years.

11—74

"The plaintiff alleges in its complaint that it has not obstructed any street or right of way, as set out in the said petition, and that it owns in fee simple the land over which it is claimed that the street or right of way passes, and that no right of way has been acquired over the same by the defendant or the public, and that there was no street or right of way over said land, and that the defendant has not acquired any such right over the same. By consent, it was referred to R. E. Babb, Esq., special referee, to take the testimony and report the same to the Court.

"After hearing the testimony and the argument of counsel, I am satisfied that the injunction asked for by the plaintiff should be granted. I think the testimony shows that the plaintiff has a fee simple title to the land over which the street or right of way is claimed, and that no right of way has been acquired over the same by the defendant or the public.

"It is, therefore, ordered, adjudged and decreed, that the temporary injunction heretofore granted by this Court be, and the same is hereby, made perpetual, and that the defendant be perpetually enjoined and restrained from further proceedings under the petition and order set out in the complaint to have assessed compensation for the taking and obstruction of the said alleged right of way."

Defendant in each case presents the following exceptions:

"1. His Honor erred in granting the perpetual injunction against the statutory proceedings to assess the damages for the compensation for taking of their right of way by the plaintiff, Charleston and Western Carolina Railway Company.

"2. He erred in holding that the plaintiff had a title in fee simple to the land over which Cally Garlington and Annie C. Davis had their right of way into Nance street.

"3. His Honor erred in holding that although the plaintiff might have title to the land in whole or in part, yet the defendants had the right of way over the same to Nance

street, as a way of ingress and egress, to and from their dwelling houses to other parts of the city of Laurens.

"4. His Honor erred in not holding that there was a space between plaintiff's turn-table lot and the lot of Cally Garlington and Frank Minnifield, at least five feet wide, constituting a substantial part of the defendant's right of way, which was obstructed by the plaintiff, and taken without compensation.

"5. His Honor erred in not holding that the defendant had a right of way from their respective lots northward to Nance street, by lapse of time, by consent and acquiescence of the plaintiff and by necessity.

"6. He erred in not holding that Cally Garlington and Annie C. Davis had a right of ingress and egress to and from their lots, over the lot of Frank Minnifield northward to Nance street, and H. E. Gray, the grantor, was of necessity compelled to give Cally Garlington and Annie C. Davis a right of way over his lands, which he subsequently sold to Frank Minnifield, who stands in the same condition as his grantor.

"7. In not holding that there was no other right of way appurtenant to the lots of the appellant, except the one obstructed by the plaintiff, in building coal chute and siding, and that such taking of the right of way or any part thereof was an unlawful taking, for which they are entitled to compensation.

"8. The decision of the presiding Judge, J. C. Klugh, in the above stated case was not in accordance with the weight of the testimony and was not supported by it.

"9. He erred in not holding that the defendant has suffered special damage in consequence of the acts of the plaintiff."

We have carefully considered the testimony in the case and are unable to say that the preponderance of the evidence is against the findings of fact by the Circuit Court.

The judgment of the Circuit Court is, therefore, affirmed.